FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 09 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

Sherry Adams,

                    ***Plaintiff,***

Vs.

HOLLER LAW FIRM

NAJARIAN CAPITAL LLC

SCOTT K CAMP AND ASSOCIATES, LLC

ANNETTA STEMBRIDGE

TRINITY STONE

ANDRE ADAMS

              ***Defendant.***

Case No.: **1:24-CV-1506**

**VERIFIED COMPLAINT AND REQUEST FOR RELIEF**

**JURY TRIAL DEMANDED**

## VERIFIED COMPLAINT AND REQUEST FOR RELIEF

COMES NOW, Plaintiff Sherry Adams, to respectfully request that this Honorable Court take notice of the fact Plaintiff is without counsel, is not schooled in law or procedures, and is not licensed to practice law. Therefore, Plaintiff's pleadings must be read and construed liberally.

Plaintiff brings this complaint against the Defendant's and alleges as follows:

### PARTIES

1. **PLAINTIFF:** Sherry Adams, a woman, has a principal place of dwelling in Douglasville, GA.

2. **DEFENDANTS:** Holler Law Firm LLC, Najarian Capital LLC, Scott K Camp and Associates LLC, Annetta Stembridge, Trinity Stone, Andre Adams.

### JURISDICTION AND VENUE

3. This action arises under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S. Code § 1962 (a), HUD and Federal Housing Administration Transactions, and other laws and federal statutes, including 18 U.S. Code §§ 1001(a), 471, 1343, 1014, 1010, 1344, and 1621.

4. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights).

5.  Venue is proper in this district under 28 U.S.C. § 1391 because the events giving rise to the claims occurred within this district.

6.  This Honorable Court has jurisdiction.

## NATURE OF THE ACTION

7.  This action, brought in this Honorable Court by Sherry Adams, is against various parties involved in an intricate web of financial improprieties, fraud and obstruction of justice.

8.  Defendants, including various entities and individuals, are accused of orchestrating a conspiracy to compel the Plaintiff to pay approximately $21,000 or face imprisonment through an allegedly groundless Motion for Contempt in the Douglas County Court System (22cv01586).

9.  Despite the case being heard on July 13, 2023, the Plaintiff, who presented witness testimony on mortgage fraud and baseless claims, has faced challenges in obtaining the transcript records of the proceedings. To date the Plaintiff has been denied the court transcript more than 50 times from the Court Reporter, Trinity Stone, Douglas County Clerk of Court, Annetta Stembridge, Judge William McClain, and Attorney Scott Camp. This denial of the court transcript put Plaintiff past the time to appeal. **(Exhibit 1)**

## FACTUAL ALLEGATIONS

10. Creating a conspiracy of this magnitude is not uncommon for Andre Adams. Mr. Adams has a history of submitting perjured documents to the court system and he forged a check **(Exhibit 2)** that was for a child in the custody of the Georgia Division of Family and Children Services (DFCS) of which the Plaintiff was made aware of via a phone call from the New Manchester High School Booster Club Treasurer. More material facts will surface during the trial as well as witnesses to this and other character destroying evidence.

11. Andre Adams claimed in a Motion for Contempt filed against Plaintiff in September 2022, that an $18,403 check was paid to Najarian Capital LLC to cancel the Writ or Fieri Facias that was coming due on the marital property owned by Plaintiff and Defendant during their marriage. This is fraud as no lien or judgement was ever due to Najarian Capital LLC. To date, no lien or judgement has been found in any public or private records. **(Exhibit 3)**

12. The address of this property is 2480 Greythorne Commons, Douglasville, GA 30135.

13. To make this act even more egregious, Najarian Capital LLC was paid in Andre Adams refinancing in August 2020 ($18, 403) and his refinancing in June 2022 ($20,291.52). This refinancing's Closing Agent was George Holler from Holler Law Firm. Public records reflect Andre Adams had another refinancing February 2022 which makes this act even

more grossly appalling and factual mortgage fraud is prevalent.

14. Via other court cases Plaintiff has been involved with Attorney Scott Camp, this attorney has stated multiple times he hasn't received emails or mail, even when there has been proof of delivery.  Scott Camp was made aware of this mortgage fraud scheme, but he adamantly pursued Plaintiff in numerous fraudulent court filings.

15. To trick the Plaintiff, another scheme was played out for a judgment Plaintiff did have with Refund Realty LLC.  Plaintiff was never made aware this judgment had been paid. Refund Realty LLC, the owner of the judgment against Plaintiff, Refund Realty LLC attorney, Kane St. John, Andre Adams, nor his attorney Scott Camp informed Plaintiff this judgment had been canceled June 2022. Neither one decided to communicate this to Plaintiff with this perceived benevolent act. Instead, they decided to keep it quiet, allowing Plaintiff to continue to pay the garnishment assigned to this judgment until October 2022. **(Exhibit 4)**

16. All parties allowed Plaintiff to continue to pay towards this judgment via garnishment after the cancellation of the Writ of Fieri Facias knowing the judgment had been paid for months.

17. H&A Credit Corporation, an assignee of Refund Realty, was hired to file the garnishment and this company participated in the conspiracy by not stopping the garnishment once the judgment had been canceled by Refund Realty LLC attorney, Kane St. John on June 15, 2022.

18. H&A Credit Corporation, an assignee of Refund Realty aligned with this conspiracy by stating they were witness to a receipt of payment of the debt, but they never made clear who payment was made by. A lawsuit in Clayton County is pending against this corporation.

19. The Writ of Fieri Facias was canceled on this judgment on June 15, 2022, and Plaintiff was made to pay garnishment until November 2022 and to date, the garnishment has not been officially canceled by the Clayton County Court System, nor has Plaintiff received a refund on the amount paid.

20. Plaintiff paid the judgment for over six months after the cancellation of the debt unknowingly that this judgment had been canceled by Refund Realty LLC via his attorney Kane St. John. Refund Realty LLC, Najarian Capital LLC and Jar House Acquisitions LLC are all owned by Zareh Najarian.

21. During an initial discovery, it has been made known by the Plaintiff the following statement of facts via all parties involved:

22. Andre Adams' claims he paid approximately $18,403 towards plaintiff's ensuing Writ of

Fiera Facias. Mr. Adams ALTA Closing Statement **(Exhibit 5)** prepared by Vylla Title proves this payment to Najarian Capital was made on or about August 20, 2020. This was the only copy Plaintiff could get as Attorney Scott Camp refused to give Plaintiff a clear copy, even after requesting numerous times.

23. Refund Realty LLC was paid AGAIN via Andre Adams' third refinance of 2480 Greythorne Commons, Douglasville, GA 30135. In June 2022 ANOTHER check was made out to Najarian Capital, LLC in the amount of $20,291.52 for the same home and for the same judgment. It's important to note, Andre Adams had a second refinance, February 2022 with LoanDepot.com with no lien or judgment surfacing during the closing title search.

24. Holler Law Firm was the closing agent for both refinances where Najarian Capital LLC was paid approximately $39,000 on a judgment that never existed. In addition, Plaintiff was being sued for an additional $20,291.52 or be jailed on a nonexistence judgment.

25. Holler Law Firm created check number 142092, made out to Najarian Capital LLC, in the amount of $20, 291.52 **(Exhibit 6)** in reference to in the memo, "GA-REF-CTS-148274, 2480 Greythorne Commons, Douglasville, GA 30135" from a GA IOLTA Trust Account under Holler Law Firm IOLTA and created the check on the August 2020 Vylla ALTA Statement for $18,403.

26. Holler Law Firm's Manager of Title, Adrianna Champagne, had firsthand knowledge of this situation when called on or about December 2022. Her initial statement to the Plaintiff via the witnessed phone call was, "Hi Sherry. Did you sign the Quit Claim Deed?" When I demanded to speak with her boss, George Holler, she quickly stated the check made out to Najarian Capital LLC, "had a stop payment put on it." This statement validates the intention of mortgage fraud as refinance was completed and this judgment was stated as a paid debt of 2480 Greythorne Commons, Douglasville, GA 30135, which is the current home of Andre Adams.

27. Holler Law Firm also stated via emails with their Closing Attorney Manager, Rebecca Pendeleton Juarbe, that no information could be given to me as I am not listed as the creditor on the account or owner of the home.

28. Najarian Capital LLC via the closings performed by George Holler from the Holler Law firm, colluded together to get paid twice from one judgment, add years of interest, and colluded again with Andre Adams and his attorney to have me jailed for a judgment that never existed, not to include attorney fees. In addition, being refused the court transcript.

29. According to the statements, emails, and filings from Andre Adams, Refund Realty LLC, Najarian Capital LLC, Jar House Acquisitions LLC, Holler Law Firm LLC, Attorney Scott Camp, Attorney Kane St. John, Adrianna Champagne, Rebecca Pendleton Juarbe, Nadia

Allamani, Zareh Najarian, and George Holler, 2480 Greythorne Commons has been refinanced in August 2020 and June 2022. They failed to mention Andre Adams refinancing in February 2022. **(Exhibit 7)** A closing that took place during these dates received TWO judgment check payments in August 2020 and June 2022 with the Holler Law Firm being the issuer of both checks.

30. Andre Adams was aware of the scheme as he stated on the witness stand, he received the check in August 2020 but was told to send it back. When questioned on who he was told to send the check back to, the Judge abruptly told Andre Adams to leave the witness stand. Andre Adams committed fraud as Najarian Capital LLC was paid for no judgment or lien in August 2020 and June 2022, but not for his refinancing with Loan Depot.com in February 2022.

31. All parties listed in #19 colluded together to create a scheme to make the Plaintiff pay over $20,000 via a Motion for Contempt filed against her which threatened to have Plaintiff jailed if she did not pay. This case was heard by Judge William McClain on July 13, 2023. This mortgage fraud scheme was brought up during this hearing. To date, plaintiff has been blocked from receiving the transcript and a clear copy of the Vylla Title from the case. Plaintiff filed a complaint against the court reporter and the judge's assistants (Kayala Sellers, Laura Barnes and Dawn Crew) who were all reprimanded for not sending a clear copy of the Vylla Title, but nothing more has been done to provide Plaintiff remedy to be able to defend herself.

32. This alleged mortgage fraud has been reported to the Department of Housing and Urban Development, which they have labeled as "deep fraud" and are pursuing this matter. The Department of Justice and the Federal Bureau of Investigations also has received this alleged mortgage fraud whistleblower complaint.

33. Holler Law Firm made transactions via their Trust Account for 2480 Greythorne Commons, Douglasville, GA 30135 which has strict mortgage federal, state, and local rules that may have been broken. Both refinances were FHA and were placed on the federal ALTA form.

34. Andre Adams' Attorney, Scott Camp cited Holler Law Firm as making the extreme error of not paying the debt from the first refinancing in August 2020 in his filing to the court. During the Motion for Contempt court case held on July 13, 2023, Scott Camp stated, "Clearly Dr. Adams is due remedy, but not by my client." From Mr. Camp's own testimony and filing, he declared Holler Law Firm LLC guilty.

35. Holler Law Firm processed deceitful and fraudulent paperwork that clearly shows a closing statement from Vyllla Title showing payment to Najarian Capital LLC, a letter from Najarian Capital LLC stating an amount due, and a check made out to Najarian

Capital LLC. Plaintiff has no judgment or has ever had any dealing with Najarian Capital LLC. Defendant was aware of this knowledge. The judgment Plaintiff had was with Refund Realty LLC, now known as Jar House Acquisitions LLC.

## COUNTS

**36. Count 1: Violation of the RICO Act (18 U.S. Code § 1962 (a))**
   a. Holler Law Firm
   b. Najarian Capital LLC
   c. Scott Camp (Attorney)
   d. Andre Adams
   e. Trinity Stone (Court Reporter)
   f. Annetta Stembridge (Clerk of Court)

**37. Count 2: False Statements and Writings (18 U.S. Code § 1001 (a))**
   a. Holler Law Firm
   b. Najarian Capital LLC
   c. Scott Camp (Attorney)
   d. Andre Adams
   e. Trinity Stone (Court Reporter)

**38. Count 3: Forgery (18 U.S. Code § 471)**
   a. Holler Law Firm
   b. Najarian Capital LLC
   c. Scott Camp (Attorney)
   d. Andre Adams

**39. Count 4: Wire Fraud (18 U.S.C. § 1343)**
   a. Holler Law Firm LLC
   b. Najarian Capital LLC
   c. Scott Camp (Attorney)
   d. Andre Adams

**40. Count 5: False Statements to a Financial Institution (18 U.S.C. § 1014)**
   a. Holler Law Firm LLC
   b. Najarian Capital LLC
   c. Scott Camp (Attorney)
   d. Andre Adams

**41. Count 6: HUD and Federal Housing Administration Transactions (18 U.S.C. § 1010)**
   a. Holler Law Firm LLC
   b. Najarian Capital LLC
   c. Scott Camp (Attorney)
   d. Andre Adams

**42. Count 7: Bank Fraud (18 U.S.C. § 1344)**

      a.  Holler Law Firm LLC

      b.  Najarian Capital LLC

      c.  Scott Camp (Attorney)

      d.  Andre Adams

**43. Count 8: Perjury (18 U.S.C. § 1621)**

      a.  Holler Law Firm

      b.  Najarian Capital LLC

      c.  Scott Camp (Attorney)

      d.  Andre Adams

      e.  Trinity Stone (Court Reporter)

**44. Count 9: Deprivation of Rights (42 U.S. Code § 1983)**

      a.  Holler Law Firm

      b.  Najarian Capital LLC

      c.  Scott Camp (Attorney)

      d.  Andre Adams

      e.  Trinity Stone (Court Reporter)

      f.  Annetta Stembridge (Douglas County Clerk of Court)

<h3 align="center"><u>ACT &amp; RESPONSIBLE PARTIES</u></h3>

**45. Andre Adams:**

      a.  Conspiracy to Commit Fraud: Involvement in an agreement with others to commit mortgage fraud.

      b.  Fraud: Intentional misrepresentation of material facts, causing harm.

      c.  Mortgage Fraud: Material misstatements or omissions during refinancing leading to financial harm.

      d.  Perjury: Willful false testimony under oath during court proceedings.

      e.  Malicious Prosecution: Initiating legal proceedings with malice, lacking probable cause, causing harm.

**46. Refund Realty LLC/Jar House Acquisitions LLC – Owner Zareh Najarian**

      a.  Conspiracy to Commit Fraud: Alleged participation in an enterprise conspiring to commit mortgage fraud.

      b.  Fraud: Involvement in fraudulent activities, possibly related to failure to cancel or record Ms. Adams' judgment.

      c.  Negligence: Liability if Refund Realty negligently contributed to harm by not canceling or recording the judgment.

      d.  Mortgage Fraud: Material misstatements or omissions during refinancing leading

to financial harm.

e. Perjury: Willful false testimony under oath during court proceedings.

**47. Najarian Capital LLC – Owner Zareh Najarian**

a. Conspiracy to Commit Fraud: Alleged participation in an enterprise conspiring to commit fraud.

b. Perjury: Willfully submitting false documents under oath for court proceedings.

c. Fraud: Involvement in fraudulent activities, including depositing and cashing checks.

d. Negligence: Potential liability if involved in the failure to cancel or record the judgment.

**48. Jar House Acquisitions LLC – Owner Zareh Najarian**

a. Conspiracy to Commit Fraud:

b. Alleged participation in an overarching conspiracy if applicable.

**49. H&A Credit Corporation – Owner William Arroya**

a. Conspiracy to Commit Fraud: Alleged participation in an enterprise conspiring to commit fraud.

b. Negligence: Potential negligence if the corporation failed to halt garnishments after judgment cancellation.

**50. Holler Law Firm LLC**

a. Conspiracy to Commit Fraud: Alleged participation in an enterprise conspiring to commit fraud.

b. Violation of Trust Account Rules: If applicable, concerning mishandling of funds.

c. Negligence: Potential liability for negligence in the refinancing process.

**51. Carrington Mortgage Services LLC and Vylla Title LLC**

a. Fraud: Involved in fraudulent activities during the refinancing process.

b. Potentially Perjury: If statements made during court proceedings were false.

c. Filing false documents on FHA Refinancing.

**52. Scott Camp**

a. Conspiracy to Commit Fraud: Alleged participation in an enterprise conspiring to commit mortgage fraud.

b. Fraud: Involvement in fraudulent activities, potentially related to creating a false claim to sue Sherry Adams.

c. Negligence: Liability in creating a false lawsuit and not providing documentation when requested.

d. Perjury: Allegations of false statements during court proceedings.

**53. Trinity Stone and Annetta Stembridge**

a. Deprivation of Rights: Deprived Plaintiff from receiving transcript of her proceedings.

      b.  Conspiracy to Commit Fraud: Alleged participation in an enterprise conspiring to commit mortgage fraud.

      c.  Fraud: Involvement in fraudulent activities, potentially related to creating a false claim to sue Sherry Adams.

      d.  Negligence: Liability in creating a false lawsuit and not providing documentation when requested.

**54. WHEREFORE, Plaintiff prays that:**

(a) That the Court, read and consider Plaintiff's Claim;

(b) The Defendant is found guilty of fraud;

(c) The Defendant is found guilty of intentional infliction of emotional distress;

(d) The Defendant is found guilty of libel defamation;

(e) The Defendant is found guilty of negligent infliction;

(f) The Defendant is found guilty of making false statements;

(g) The Defendant is found guilty of perjury:

(h) The Defendant is found guilty of civil racketeering (RICO);

(i) The Defendant is found guilty of malicious prosecution;

(j) The Defendant is found guilty of wire fraud;

(k) The Defendant is found guilty of bank fraud;

(l) The Defendant has to refund all monies paid toward judgment in the amount of

$4,611.23.

(m) The Plaintiff is awarded $5,000,000 for these heinous acts and treble 15 usc 15

punitive damages for concocting a RICO plot to jail the Plaintiff in the amount totaling

$15,000,000.00.

(n) The Defendants pay all court cost regarding this manner.

(o) The Defendants to receive all criminal punishment applicable to the laws of the

United States of America.

Respectfully submitted __9__ day of __April__ , __2024__ .

Signed reserving all my rights.

_Sherry Adams_

Sherry Adams, Plaintiff In Propria Persona
4046 WHISTLER DRIVE
DOUGLASVILLE, GA 30135
770-262-4677

EXh, 0, 1    1

LAW OFFICE
# DEMING, PARKER, HOFFMAN, CAMPBELL & DALY, LLC

MICHAEL D. DEMING, P.C.
KEVIN T. ALMEROTH, P.C.
DAVID M. LEWIS, P.C.
NICHOLAS R. WEST

ROBERT A. LEONARD
J. BENJAMIN STEWART
RYAN D. GOLDSTEIN
MATTHEW P. GOODMAN
ROBERT D. MURPHY
GRAHAM G. MCMURRAY
CHRISTOPHER O. STANTON
JOOL N. KANG
SEAN L. FAULKNER
E. NICOLE HARRISON
KOLBI L. CUMBO
MEGAN L. ZAMBITO
ASHLEY N. HIGGINBOTHAM
RYAN A. MOSS
JANELLE N. RICHARDS
ADAM M. RUF
SANA M. AYUBI
JACQUELINE M. DEFRANCIS
LAWRENCE G. MORTON
ADRIENNE P. HOBBS
CICELY Y. GLOVER
DEIRDRE N. D. LUONG
ALEXANDER E. MUSSER
ALYSSE D. EBERHARDT

2200 CENTURY PARKWAY NE
SUITE 800
ATLANTA, GEORGIA 30345
TELEPHONE (678) 924-4787
FACSIMILE (678) 924-4750
EMAIL: legal@deminglaw.com

April 1, 2024

JAMES M. TUCKER
HAYLEY M. YEE
PAMELA Y. PERRY
MARY E. ROBB
BRIAN C. HUSKEY
ELIZABETH V. BRITT
TAKEITA W. TOLLMAN
CRISTÓBAL A. BYRNES
PARESH MAHARAJ
MICHAEL D. PETERSON
ALFRED S. PHELPS
JOSETTE M. CHAMBERS
EBONY C. AMEEN
GINGER C. ARNOLD
SHERLEY JOSEPH-ROPER
ESRA RADAI
DENISE DAVIS
ERICK A. VARGAS
SETH A. EVANS
KEDRIC A. ROSS

OF COUNSEL
FRANKLIN E. PARKER
KEITH A. CARNESALE
DAVID C. COLE, P.C.
JAE I. SHIM

RETIRED
PAUL M. HOFFMAN

## VIA EMAIL to trinitymstone@outlook.com

RE:   Demand for Invoice
      Our File Number: GA-E8R-D5F

Dear Ms. Stone:

Please be advised that I am writing on behalf of Ms. Sherry Adams, who has consulted with this firm regarding the above-referenced legal matter. Please direct all further communication concerning this matter to my attention, referencing our file number.

I am writing to you regarding the transcript of the recent hearing held on July 12, 2023 in the Superior Court of Douglas County, Civil Action File Number 22CV01586, in which you served as the court reporter. As one of the parties involved in the proceedings, Ms. Adams is entitled to obtain a copy of the transcript for my records.

As you are aware, Ms. Adams agreed to compensate you for your services at the time of the hearing. She is entitled to receive a copy of the transcript upon request and payment of the associated fees.

Despite her repeated attempts to obtain the transcript and her willingness to pay for the services rendered, she has not received an invoice or any communication from you regarding the process for obtaining the transcript. This lack of responsiveness is concerning and is hindering her ability to proceed with the necessary legal actions following the hearing.

Therefore, I demand that you promptly provide this office with an invoice detailing the cost of the transcript and the procedure for payment. Additionally, I request that you expedite the preparation and delivery of the transcript once payment has been received.

April 1, 2024
Page 2

        Please treat this matter with urgency, as the timely receipt of the transcript is crucial
for the progression of Ms. Adams's case. If we do not receive a satisfactory response within
ten business days from the date of this letter, I will have no choice but to advise Ms. Adams
to pursue further action to ensure her rights are upheld.

                        Very truly yours,

                        Allison K. Humphrey

AKH/lbh
cc:     Sherry Adams

*Exhibit 2*

On Feb 27, 2020, at 4:50 PM, Massey, April <april.massey@dhs.ga.gov> wrote:

Good Afternoon,

I am Jordan Mumford's case manager and am trying to assist with ensuring that his FAME fees are paid. It is my understanding from speaking with Mr. Connor and Ms. Rudolph that Jordan's fees were not paid for this year or last year. Is it possible for you to send me an invoice with the amount due so that I can try to get everything taken care of?

Thank you,



**April Massey**
Social Services Specialist
GEORGIA DIVISION OF FAMILY & CHILDREN SERVICES

8473 Duralee Lane, Suite 100 | Douglasville, GA 30134

O: **770-947-7475** | M: **470-773-7930** | F: **770-489-3035**

**april.massey@dhs.ga.gov**
**dfcs.ga.gov**

<image002.png>
<image003.png>
<image004.png>

<2003301755 Front.bmp>
<2003301755 Back.bmp>



2019-2020 was paid on check 2003302041, which was issued on 11/07/19 but has not cleared the back.  This check also had Maliyah Brooks 2019-2020 $350.00 chorus fees.

<image005.png>

**April Massey**
Social Services Specialist
GEORGIA DIVISION OF FAMILY & CHILDREN SERVICES

8473 Duralee Lane, Suite 100 | Douglasville, GA 30134

O: **770-947-7475** | M: **470-773-7930** | F: **770-489-3035**

april.massey@dhs.ga.gov
dfcs.ga.gov

<image006.png>
<image007.png>
<image008.png>

**From:** Erin McDonald <ebrew_4@hotmail.com>
**Sent:** Thursday, February 27, 2020 5:34 PM
**To:** Trey Giddens <trey.giddens@dcssga.org>; Massey, April <april.massey@dhs.ga.gov>
**Subject:** Re: Jordan M.

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hello,

Please see the attached invoice for Jordan Mumford for Chorus fees for 2018-2019 and 2019-2020 school year.

Erin McDonald
Treasurer

**From:** Trey Giddens <trey.giddens@dcssga.org>
**Sent:** Thursday, February 27, 2020 4:54 PM
**To:** Massey, April <april.massey@dhs.ga.gov>
**Cc:** Erin McDonald <ebrew_4@hotmail.com>
**Subject:** Re: Jordan M.

Yes that is possible.  I am cc'ing our treasurer to this email.  She will get you what you need.     Thank you for looking into this

Sent from my iPhone

**From:** Massey, April <april.massey@dhs.ga.gov>
**Sent:** Friday, February 28, 2020 10:11:20 AM
**To:** Trey Giddens <trey.giddens@dcssga.org>
**Cc:** Erin McDonald <ebrew_4@hotmail.com>
**Subject:** RE: Jordan M.

New Manchester Choral Booster Club...I attached a copy of the front and back of the check on the previous email. Let me know if I need to resend it.

> **April Massey**
> Social Services Specialist
> GEORGIA DIVISION OF FAMILY & CHILDREN SERVICES
>
> 8473 Duralee Lane, Suite 100 | Douglasville, GA 30134
>
> O: **770-947-7475** | M: **470-773-7930** | F: **770-489-3035**
>
> **april.massey@ga.gov**
> **dfcs.ga.gov**

**From:** Trey Giddens <trey.giddens@dcssga.org>
**Sent:** Friday, February 28, 2020 10:09 AM
**To:** Massey, April <april.massey@dhs.ga.gov>
**Cc:** Erin McDonald <ebrew_4@hotmail.com>
**Subject:** Re: Jordan M.

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Can you tell us who it was made out to?

Sent from my iPhone

On Feb 28, 2020, at 9:51 AM, Massey, April <april.massey@dhs.ga.gov> wrote:

Good Morning,

This is the response I received from our regional accounting in regard to the fees owed for Jordan as well as Maliyah:

2018-2019 was paid on check 2003301755 and it cleared on 11/04/19. I have included bank images of the check.

*Exhibit 2*

**Erin McDonald** ebrew_4@hotmail.comHide

To **Dr. Sherry C. Adams** scmdelta30@aol.com

Sent from my T-Mobile 4G LTE Device
Get Outlook for Android

---

**From:** Massey, April <april.massey@dhs.ga.gov>
**Sent:** Friday, February 28, 2020 12:25:04 PM
**To:** Erin McDonald <ebrew_4@hotmail.com>
**Subject:** RE: Jordan M.

That should be a possibility. I will check with accounting. Can you send me the updated address that it would need to go to?

> **April Massey**
> Social Services Specialist
> GEORGIA DIVISION OF FAMILY & CHILDREN SERVICES
>
> 8473 Duralee Lane, Suite 100 | Douglasville, GA 30134
>
> O: **770-947-7475** | M: **470-773-7930** | F: **770-489-3035**
>
> april.massey@dhs.ga.gov
> dfcs.ga.gov

**From:** Erin McDonald <ebrew_4@hotmail.com>
**Sent:** Friday, February 28, 2020 12:24 PM
**To:** Trey Giddens <trey.giddens@dcssga.org>; Massey, April <april.massey@dhs.ga.gov>
**Subject:** Re: Jordan M.

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good afternoon,

Thank you for the update. Is there anyway to do a stop payment on the check that has not cleared and send it to an updated address?

Erin McDonald

Sent from my T-Mobile 4G LTE Device
Get Outlook for Android





Scanned with CamScanner

Exhibit 2

LAW OFFICE

# DEMING, PARKER, HOFFMAN, CAMPBELL & DALY, LLC

MICHAEL D. DEMING, P.C.
KEVIN T. ALMEROTH, P.C.
DAVID M. LEWIS, P.C.
NICHOLAS R. WEST

ROBERT A. LEONARD
J. BENJAMIN STEWART
RYAN D. GOLDSTEIN
MATTHEW P. GOODMAN
ROBERT D. MURPHY
GRAHAM G. MCMURRAY
CHRISTOPHER O. STANTON
JOOL N. KANG
SEAN L. FAULKNER
E. NICOLE HARRISON
KOLBI L. CUMBO
MEGAN L. ZAMBITO
ASHLEY N. HIGGINBOTHAM
RYAN A. MOSS
JANELLE N. RICHARDS
ADAM M. RUF
SANA M. AYUBI
JACQUELINE M. DEFRANCIS
LAWRENCE G. MORTON
ADRIENNE P. HOBBS
CICELY Y. GLOVER
DEIRDRE N. D. LUONG
ALEXANDER E. MUSSER
ALYSSE D. EBERHARDT

2200 CENTURY PARKWAY NE
SUITE 800
ATLANTA, GEORGIA 30345
TELEPHONE (678) 924-4787
FACSIMILE (678) 924-4750
EMAIL: legal@deminglaw.com

March 26, 2024

JAMES M. TUCKER
HAYLEY M. YEE
PAMELA Y. PERRY
MARY E. ROBB
BRIAN C. HUSKEY
ELIZABETH V. BRITT
TAKEITA W. TOLLMAN
CRISTÓBAL A. BYRNES
PARESH MAHARAJ
MICHAEL D. PETERSON
ALFRED S. PHELPS
JOSETTE M. CHAMBERS
EBONY C. AMEEN
GINGER C. ARNOLD
SHERLEY JOSEPH-ROPER
ESRA RADAI
DENISE DAVIS
ERICK A. VARGAS
SETH A. EVANS
KEDRIC A. ROSS

OF COUNSEL
FRANKLIN E. PARKER
KEITH A. CARNESALE
DAVID C. COLE, P.C.
JAE I. SHIM

RETIRED
PAUL M. HOFFMAN

Oksana V. Sepich
Najarian Capital, LLC
3520 Piedmont Road
Suite 415
Atlanta, Georgia 30305

RE:     Proof of Lien
        Property Address: 2480 Greythorne Commons, Douglasville
        Then Property Owners: Sherry C. Adams and Andre Adams
        Our File Number: GA-DYC-E44

Dear Mr. Sepich:

I am writing on behalf of Sherry C. Adams, who has consulted with this firm regarding the above-mentioned matter.

Ms. Adams informs me that in June 2022, Najarian Capital, LLC required that Mr. Adams pay a "lien" in the amount of $20,291.52. A copy of the "payoff" letter is enclosed for your review. In reviewing the title to the home for that period, I do not see any lien for Najarian Capital, LLC or find where any other lien was assigned to your company to collect the debt on behalf of another individual or entity.

Accordingly, demand is hereby made for Najarian Capital, LLC to provide any and all documentation demonstrating that it either had a lien against the above-referenced property at the time or what authority Najarian Capital, LLC had to collect the debt on behalf of another entity.

*Exh. b.1*   *3*

March 26, 2024
Page 2

     Although we would prefer to resolve this matter amicably if possible, I must inform you that unless you comply fully with the above demand within 10 days hereof, I shall advise Ms. Adams to pursue all available legal remedies.

               Very truly yours,

               Ashley N. Higginbotham, Esq.

ANH/pc
Enclosure
cc:     Sherry C. Adams



**Najarian Capital LLC**
3520 Piedmont Road, Ste. 415
Atlanta, GA 30305
Tel: 470-639-8910 Ext. 308

June 8, 2022      **E-Mail: oksana@jarhouse.com**

To Whom It May Concern:

**Judgment/Lien No: 010688650001**
**Case No.: 15CV02009**
**Date Entered: June 7, 2017**
**Judgment/Lien Against: Sherry C. Adams**

We are sending this information to you per your request.

ORIGINAL AMOUNT OF JUDGMENT/LIEN          **$15,024.00**

BALANCE OWING ON JUDGMENT/LIEN            **$20,277.12**

RATE INTEREST 7%   DATE INTEREST CALCULATED TO   **6/08/2022**

THE DAILY RATE OF INTEREST IS $ 2.88

Please make a check payable to Najarian Capital LLC and mail it to the following address:

Najarian Capital LLC
Attn.: Oksana V. Sepich
3520 Piedmont Road, Ste. 415
Atlanta, GA 30305

Should you have any questions, please feel free to contact me at 470-639-8910 Ext. 308.

Sincerely,

**Najarian Capital LLC**

By: _Oksana V. Sepich_
Oksana V. Sepich, Legal Manager

*Exhibit 4*

# MAGISTRATE COURT OF ____CLAYTON____ COUNTY, GEORGIA

Date Filed _____

Case No: __202VM7261__

**Plaintiff:**

H&A Credit Corp asn REFUND REALTY
**Name**

**Plaintiff's Contact Information:**

H&A Creidt Corp asn REFUND REALTY
**Name**
Post Office BOX 870162
**Street**
Stone Mountain    Georgia              30087
**City**           **State**           **Zip Code**
hassoc1@bellsouth.net
**E-Mail Address**
770-413-4961
**Phone Number**          **Bar Number**

**GARNISHMENT**

vs.
Sherry C. Adams-Maddox
2480 Greythorne Commons
DOUGLASVILLE, GEORGIA 30135
**Defendant(s) Name, Address**

KAPLAN PROFESSIONAL EDUCATION

332 Front St. STE 500

LACROSSE, WI  54601

**Garnishee Name, Address**

**Garnishment Court information:**

Clayton Magistrates 9151 Tara Blvd
**Street Address**
Jonesboro          , Georgia 30236
**City,**
770-477-3443       **Zip Code**
**Phone Number**

---

## SUMMONS OF CONTINUING GARNISHMENT

**TO THE ABOVE-NAMED GARNISHEE:**
Total amount claimed due by the Plaintiff . . . . . . . . .  $ 14,165.00
Plus court costs due on this summons . . . . . . . . . . . $50.00
Total garnishment claim . . . . . . . . . . . . . . . . . . . . . . $ 14,215.00

**COURT OF JUDGMENT** Magistrates of DOUGLAS
**JUDGMENT CASE NO.** 15CV2009

**YOU ARE HEREBY COMMANDED** to immediately hold all money, including wages, and other property, except what is known to be exempt, belonging to the Defendant or obligations owed to the Defendant named above beginning on the day of service of this summons and including the next 1,095 days. You are **FURTHER COMMANDED** to file your answer, in writing, not later than 45 days from the date you were served with this summons, with the Clerk of this Court and serve a copy of your answer upon the Plaintiff or Plaintiff's Attorney named above and the Defendant named above, or the Defendant's Attorney, if known, at the time of making such answer. Your answer shall state what money, including wages, or other property, except what is known to be exempt, belonging to the Defendant or obligations owed to the Defendant you hold or owe beginning on the day of service of this summons and between the time of such service and the time of making your first answer. Thereafter, you are required to file further answers no later than 45 days after your last answer. Every further answer shall state what money, including wages, and other property, except what is known to be exempt, belonging to the Defendant or obligations owed to the Defendant you hold or owe at and from the time of the last answer

Exhibit 5

2021-06-06 10:36:57 PDT          13172193824          From Raymond Varvie

Title Amount

**ALTA Settlement Statement - Buyer**
Adopted 05-01-2015

Na ...
Office ...

**Vylla Title, LLC**
6200 Tennyson Parkway
Suite 110
Plano, TX 75024
(888) 375-1517

vylla
title

2480 GREYTHORNE COMMONS
DOUGLASVILLE, GA  30135 (DOUGLAS)
(31333150133)

ANTHIE L. ADAMS
2480 Greythorne Commons
Douglasville GA 30135

Carrington Mortgage Services, LLC
1600 South Douglas Road, Suite 110 & 220 A, Anaheim, CA 92806

| Description | | Buyer | |
|---|---|---|---|
| | P.O.C | Debit | Credit |
| ... | | $117,900.00 | |
| ... | | | |
| ... | | $14,151.68 | |
| ... | | $4,652.70 | |
| ... | | | $23,250.00 |
| ... | | $1,573.57 | |
| ... | $255.00 | $240.00 | |
| ... | | $41.00 | |
| ... | | $34.00 | |
| ... | | $10.00 | |
| ... | | $25.00 | |
| ... | | $162.50 | |
| ... | | $3.50 | |
| ... | | $2,300.00 | |
| ... | | $19.00 | |
| ... Vylla Title - Vylla Title - Vendor Resource @ $25.00) | | $300.00 | |
| ... Vylla Title, LLC (Vylla Title - Vendor Resource 2020) | | | |
| ... Vylla Title - Amount Invoice | | | |
| ... | | $300.00 | |
| ... | | $35.00 | |
| ... ... 2020 | | $15.34 | |
| ... | | $70.00 | |
| ... | | $400.00 | |
| ... | | | |
| ... | | $26.00 | |
| ... | | $45.00 | |
| ... | | $672.00 | |
| ... | | $18.00 | |
| | P.O.C | Debit | Credit |
| ... | $255.00 | $137,469.61 | $23,250.00 |
| | | $36.00 | |
| ... | $255.00 | $137,6400 | $23,450.00 |

Page 1 of 2

File # 101-10231343
Printed on 8/13/2020 at 4:47 PM

Please note, this is how Attorney Scott Camp sent me this
document, which a clear copy was requested numerous times.
                                        Sherry Adams

Exhibit 9

Acknowledge

We/I have ... the ALTA Settlement Statement and find it to be a true and accurate statement of all receipts
and disb... my account or by me in this transaction and further certify that I have received a copy of the
ALTA Sett... We/I authorize Vylla Title, LLC to cause the funds to be disbursed in
accordance ...

BUYER

MICHEL A ...       E Adams

SETTLEMENT ...

File # 121-10034342
Printed on 9/13/2023 at 4:47 PM

Exhibit 

| Amount: | $20,291.52 | Sequence Number: | 8292361656 |
| Account: | 334037140738 | Capture Date: | 06/14/2022 |
| Bank Number: | | Check Number: | 142092 |

Holler Law Firm
185 Plains Road
Suite 100W
Milford, CT 06461
203-301-4333

**GA IOLTA Trust Account**
Holler Law Firm IOLTA
157 Church Street
New Haven, CT 06510
51-57-119

142092

June 09, 2022

$20,291.52

PAY Twenty Thousand Two Hundred Ninety One and 52/100 •••••••••••••••••••••••••••••••••••••••••••••••• Dollars

TO THE NAJARIAN CAPITAL, LLC
ORDER
OF

Void after 180 days.

MEMO GA-REF-CTS-148274, 2480 Greyhorne Commons, Douglasville, GA 30135

⑈142092⑈ ⑆061000052⑆33403 7140738⑈

For Deposit Only - JPMC

Type: SD
Recorded: 8/26/2022 10:11:00 AM
Fee Amt: $137.50 Page 1 of 21
Intangible Tax: $112.50
Douglas County Georgia
ANNETTA D STEMBRIDGE Clerk Superior

Participant ID(s): 0403137236,
7067927936

BK 4175  PG 319 - 339

After Recording Return To:
**LOANDEPOT.COM, LLC**
ATTN: **DOC CONTROL**
**25500 COMMERCENTRE DR,**
**SUITE 100**
**LAKE FOREST, CA 92630**
**(888)337-6888**

Prepared By:
**CARISSA RIOS**
**LOANDEPOT.COM, LLC**
**26642 TOWNE CENTRE DRIVE**
**FOOTHILL RANCH, CA 92610**
**(888)337-6888**

$272,701.86 of the face amount of the note
secured by this Security Deed Represents a
refinancing between the same parties of the
unpaid principal on that certain previous long
term note secured by real estate dated 2/10/2022
recorded and in the original principal sum of
$274,725.00 secured by that certain security
deed recorded in Book 4101, Page 290, Douglas
County, Georgia records. As such intangible
recording tax is due on the difference of
$37,298.14 and all intangible recording tax due
on the previous long term note has been paid.

[Space Above This Line For Recording Data]

## SECURITY DEED

**ADAMS**
Loan #: **105096698**
PIN: **01330150018301**
MIN: **100853701050966984**
MERS Phone: **1-888-679-6377**

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections
3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided
in Section 16.

**(A) "Security Instrument"** means this document, which is dated **AUGUST 20, 2022**, together with all
Riders to this document.

**(B) "Borrower"** is **ANDRE L. ADAMS**. Borrower is the grantor under this Security Instrument.

**(C) "MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is
acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the grantee under this
Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and
telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

**(D) "Lender"** is **LOANDEPOT.COM, LLC**. Lender is a **LIMITED LIABILITY COMPANY** organized and
existing under the laws of **DE**. Lender's address is **26642 TOWNE CENTRE DRIVE, FOOTHILL
RANCH, CA 92610**.

**(E) "Note"** means the promissory note signed by Borrower and dated **AUGUST 20, 2022**. The Note
states that Borrower owes Lender **THREE HUNDRED TEN THOUSAND AND 00/100** Dollars (U.S.
**$310,000.00**) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to
pay the debt in full not later than **SEPTEMBER 1, 2052.**

**(F) "Property"** means the property that is described below under the heading "Transfer of Rights in the
Property."

**(G) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.

**(H) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

GEORGIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
**EX** 318.67                           Page 1 of 15                           Form 3011  1/01

*L x n . W*

Recorded: 2/10/2022 2:49:00 PM
Fee Amt: $850.00 Page 1 of 19
Intangible Tax: $825.00
Douglas County Georgia
ANNETTA D STEMBRIDGE Clerk Superior

Participant ID(s): 0403137236,
7067927936

BK 4101 PG 290 - 308

After Recording Return To:
**LOANDEPOT.COM, LLC**
**ATTN: DOC CONTROL**
**25500 COMMERCENTRE DR,**
**SUITE 100**
**LAKE FOREST, CA 92630**
**(888) 337-6888**

Prepared By:
**STEVE POLTL**
**LOANDEPOT.COM, LLC**
**26642 TOWNE CENTRE DRIVE**
**FOOTHILL RANCH, CA 92610**
**(888) 337-6888**

[Space Above This Line For Recording Data]

## SECURITY DEED

**ADAMS**
Loan #: **104773197**
PIN: **0133-01-5- -00183 01**
MIN: **100853701047731970**
MERS Phone: **1-888-679-6377**
Case #: **105-4083191-703**

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 10, 12, 17, 19 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 15.

(A) **"Security Instrument"** means this document, which is dated **FEBRUARY 4, 2022**, together with all Riders to this document.

(B) **"Borrower"** is **ANDRE L. ADAMS**. Borrower is the grantor under this Security Instrument.

(C) **"MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the grantee under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D) **"Lender"** is **LOANDEPOT.COM, LLC**. Lender is a **LIMITED LIABILITY COMPANY** organized and existing under the laws of **DELAWARE**. Lender's address is **26642 TOWNE CENTRE DRIVE, FOOTHILL RANCH, CA 92610**.

(E) **"Note"** means the promissory note signed by Borrower and dated **FEBRUARY 4, 2022**. The Note states that Borrower owes Lender **TWO HUNDRED SEVENTY-FOUR THOUSAND SEVEN HUNDRED TWENTY-FIVE AND 00/100** Dollars (U.S. **$274,725.00**) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **MARCH 1, 2052**.

(F) **"Property"** means the property that is described below under the heading "Transfer of Rights in the Property."

(G) **"Loan"** means the debt evidenced by the Note, plus interest, late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(H) **"Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following

**FHA Georgia Security Deed - 09/15**
**19368.37**

Page 1 of 14

19368|1|14|104773197

*Exhibit 1*

104773197

Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider    ☐ Condominium Rider    ☒ Planned Unit Development Rider
☒ Other(s) [specify] **GA ACKNOWLEDGEMENT OF BORROWER RIGHTS**

**(I) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**(J) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

**(K) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(L) "Escrow Items"** means those items that are described in Section 3.

**(M) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(N) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(O) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(P) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (12 C.F.R. Part 1024), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(Q) "Secretary"** means the Secretary of the United States Department of Housing and Urban Development or his designee.

**(R) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY.

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property located in the **COUNTY of DOUGLAS:**
**SEE ATTACHED LEGAL DESCRIPTION , EXHIBIT A**

FHA Georgia Security Deed - 09/15
19368.37                                Page 2 of 14

19368|2|14|104773197

*Exh. D1*

104773197

which currently has the address of **2480 GREYTHORNE COMMONS, DOUGLASVILLE, GA 30135** ("Property Address"):

TO HAVE AND TO HOLD this property unto MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, forever, together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 14. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

FHA Georgia Security Deed - 09/15
19368.37                              Page 3 of 14

Type: DEED
Recorded: 8/24/2020 4:34:00 PM
Fee Amt: $697.00  Page 1 of 16
Intangible Tax: $672.00
Douglas County Georgia
TAMMY M HOWARD Clerk Superior Court

Participant ID(s): 3822616278,
7067927936

BK 3853  PG 112 - 127

When recorded, return to:
**Carrington Mortgage Services, LLC**
**ATTN: Records Management**
**1600 South Douglass Road, #400**
**Suites 110 & 200-A**
**Anaheim, CA 92806**

**Title Order No.: 101-10231345**
**Escrow No.: 101-10231345**
**LOAN #: 2006765118**

————————————— [Space Above This Line For Recording Data] —————————————

## SECURITY DEED

FHA Case No.
**106-2462712-703-203B**

**MIN: 1006037-9000726614-6**
**MERS PHONE #: 1-888-679-6377**

DEFINITIONS
Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 10, 12, 17, 19 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 15.

(A) **"Security Instrument"** means this document, which is dated **August 14, 2020,**      together with
all Riders to this document.
(B) **"Borrower"** is **ANDRE L. ADAMS, an unmarried man.**

Borrower is the grantor under this Security Instrument.
(C) **"MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that
is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the grantee
under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has
an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(D) **"Lender"** is   **Carrington Mortgage Services, LLC .**

Lender is **a Limited Liability Company,**                            organized and existing
under the laws of **Delaware.**
Lender's address is **1600 South Douglass Road, Suites 100 & 200-A, Attn: Lending Division,**
**Anaheim, CA 92806.**

**GEORGIA** – Single Family – **Fannie Mae/Freddie Mac UNIFORM INSTRUMENT  Form 3011 1/01**
Modified for FHA 9/2014 (HUD Handbook 4000.1)                                **Initials:** _____
Ellie Mae, Inc.                                **Page 1 of 10**                        GAEFHA15DE  0519
                                                                                                                                  GAEDEED (CLS)
                                                                                                                      08/13/2020 11:35 AM PST



**LOAN #: 2006765118**

(E) **"Note"** means the promissory note signed by Borrower and dated **August 14, 2020.** The Note states that Borrower owes Lender **TWO HUNDRED TWENTY THREE THOUSAND EIGHT HUNDRED FIFTY AND NO/100** * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * Dollars (U.S. **$223,850.00**     ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **September 1, 2050.**

(F) **"Property"** means the property that is described below under the heading "Transfer of Rights in the Property."

(G) **"Loan"** means the debt evidenced by the Note, plus interest, late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(H) **"Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider    ☐ Condominium Rider    ☒ Planned Unit Development Rider
☐ Other(s) [specify]


(I) **"Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(J) **"Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(K) **"Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(L) **"Escrow Items"** means those items that are described in Section 3.

(M) **"Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(N) **"Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O) **"Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P) **"RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (12 C.F.R. Part 1024), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) **"Secretary"** means the Secretary of the United States Department of Housing and Urban Development or his designee.

(R) **"Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property located in the **County**

[Type of Recording Jurisdiction]

of **Douglas**

[Name of Recording Jurisdiction]:

**SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS "EXHIBIT A".
APN #: 01330150183**

GEORGIA – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   Form 3011 1/01
Modified for FHA 9/2014 (HUD Handbook 4000.1)
Ellie Mae, Inc.                                                    Page 2 of 10

Initials: 
GAEFHA15DE   0519
GAEDEED (CLS)
08/13/2020 11:35 AM PST



**LOAN #: 2006765118**

which currently has the address of   **2480 Greythorne Commons, Douglasville,**

[Street] [City]

Georgia **30135**        ("Property Address"):
        [Zip Code]

TO HAVE AND TO HOLD this property unto MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, forever, together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
**1.  Payment of Principal, Interest, Escrow Items, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 14. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2.  Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority:

First, to the Mortgage Insurance premiums to be paid by Lender to the Secretary or the monthly charge by the Secretary instead of the monthly mortgage insurance premiums;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and,

Fifth, to late charges due under the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.
**3.  Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, to be paid by Lender to the Secretary or the monthly charge by the Secretary instead of the monthly Mortgage Insurance premiums. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this

GEORGIA – Single Family – Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT**   **Form 3011 1/01**
Modified for FHA 9/2014 (HUD Handbook 4000.1)                                                    **Initials:** _____
Ellie Mae, Inc.                                    Page 3 of 10                        GAEFHA15DE   0519
                                                                                       GAEDEED (CLS)
                                                                                       08/13/2020 11:35 AM PST

