IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHERRY ADAMS,<br><br>*Plaintiff,*<br><br>v.<br><br>HOLLER LAW FIRM; NAJARIAN CAPITAL, LLC; SCOTT K. CAMP AND ASSOCIATES, LLC; ANNETTA STEMBRIDGE; TRINITY STONE; ANDRE ADAMS,<br><br>*Defendants.* | CIVIL ACTION FILE NO.<br>1:24-cv-1506-MLB |

### DEFENDANTS ANNETTA STEMBRIDGE AND TRINITY STONE'S MOTION TO DISMISS

Defendants Annetta Stembridge and Trinity Stone move to dismiss Plaintiff Sherry Adams's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and show this Honorable Court as follows:

### INTRODUCTION

Plaintiff Sherry Adams has sued a host of defendants, alleging that they were members of a grand conspiracy to trick the Superior Court of Douglas County to compel her to unnecessarily pay thousands of dollars. Adams claims that her husband used the legal process to wrongfully file a motion for contempt (based on the final order of their previous divorce) against her in

Douglas County Superior Court. Adams further alleges that various parties worked together to commit mortgage fraud and to wrongfully garnish her wages. According to Adams, all of this was brought to light at the hearing on her ex-husband's July 13, 2023 motion for contempt against her.

Defendant Annetta Stembridge is the Clerk of Court of the Douglas County Superior & State Court and Trinity Stone is the court reporter who allegedly took down the July 13, 2023 hearing. Adams has sued them for violations of the RICO Act and multiple criminal statutes. This Court should dismiss each of these claims because this Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine and because Adams has otherwise failed to state a claim against Annetta Stembridge and Trinity Stone.

## BACKGROUND

Adams and her ex-husband, co-defendant Andre Adams, divorced in 2020. Exhibit A, *Adams v. Adams*, Civil Action No. 22CV01586, Motion for Contempt at 7-10; Exhibit B, *Adams v. Adams*, Civil Action No. 22CV01586, Final Order for Contempt.[1] In their divorce, Adams was ordered in June 2020

---

[1] The Court may take judicial notice of the records from Adams's underlying divorce proceeding. First, the records of Adams's contempt hearing are matters of public record and "not subject to reasonable dispute" and they are "capable of accurate and ready determination by resort to sources whose accuracy could not be questioned." Fed. R. Evid. 201(b); *Long v. Slaton,* 508 F.3d 576, 578 n.3 (11th Cir. 2007). Second, Adams has incorporated by reference her ex-

to "execute a Quit Claim Deed" and relinquish all claims she had to a home that was jointly owned by her and Mr. Adams. Final Order for Contempt at 3. Adams did not do so, and a lien was later attached to the property because of an outstanding judgment against her, which Adams had also been ordered to pay in the divorce proceedings. *Id.* at 1-2. Mr. Adams accordingly brought a motion for contempt to recoup over $18,000 that he had paid to satisfy the judgment and remove the lien. *Id.* at 1.

Adams now alleges that Mr. Adams's allegations in the contempt proceeding were made up, there was no outstanding judgment, and there never was a lien on the property. Doc. 1 ¶ 11. Instead, Adams accuses Mr. Adams and a closing attorney of mortgage fraud. *Id.* ¶ 13. Adams also alleges that Mr. Adams and various financial institutions allowed her wages to be garnished even after the underlying judgment against her had already been satisfied. *Id.* ¶¶ 15-20. Adams contends that despite there being no lien on the property in question and despite there being no unpaid judgment against her, she was held in contempt and ordered to pay thousands of dollars to Mr. Adams. *Id.* at ¶ 8.

---

husband's allegations against her and the state court's findings and judgment in the underlying contempt hearing. Doc. 1 ¶¶ 8, 24; *see Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007). Accordingly, the Court may consider the allegations, findings, and judgment in the underlying state court contempt action.

According to Adams, the mortgage fraud scheme was discussed during a July 13, 2023 hearing on Mr. Adams's motion for contempt. *Id.* ¶¶ 9 and 31. Adams alleges that she has been unable, however, to obtain a transcript from that hearing. *Id.*

In addition to Mr. Adams and his alleged confederates in the schemes described above, Adams has also sued Annetta Stembridge, the Douglas County Superior Court Clerk of Court, and Trinity Stone, the court reporter that she claims transcribed the July 2023 contempt hearing.

Adams attempts to state a civil RICO claim against the defendants. *Id.* ¶ 36. Adams has not, however, alleged with any specificity that Stone or Stembridge agreed to any sort of illegal plan or that they agreed to commit any RICO-predicate acts.[2] Adams also alleges to state a claim against Stone for the criminal offenses of "false statements and writings," and perjury.

For the reasons discussed below, Adams's claims against Defendants Stembridge and Stone must be dismissed.

## STANDARD OF REVIEW

A motion to dismiss for lack of jurisdiction is brought pursuant to Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss for lack of jurisdiction can rest on either a facial or factual challenge to the complaint. *Stalley v. Orlando*

---

[2] In fact, Adams has alleged no facts whatsoever concerning Defendant Stembridge.

*Regional Healthcare System, Inc.*, 524 F.3d 1229, 1233 (2008). In evaluating a facial challenge, a court considers only the allegations in the complaint and accepts them as true. In evaluating a factual challenge, however, a court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must contain sufficient factual material, accepted as true, such that it states a claim "'that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard requires factual allegations specific enough "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although well-pleaded factual allegations are entitled to a presumption of truth, courts must nevertheless disregard legal conclusions, generic labels, and unadorned recitations of the elements of a cause of action. *See Iqbal*, 556 U.S. at 678–79.

When a complaint asserts RICO or RICO conspiracy claims, the heightened pleading standards of Rule 9(b) apply if the alleged racketeering activities are akin to fraud. *Miccosukee Tribe of Indians of Florida v. Cypress*, 814 F.3d 1202, 1212 (11th Cir. 2015). If the RICO allegations are akin to fraud, then "the pleading requirements do not extend merely to plausibility, they

5

demand plausibility based upon Rule 9(b)'s heightened degree of specificity." *Id.* Federal Rule of Civil Procedure 9(b) states that in complaints alleging fraud, the plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Thus, "[t]o satisfy the Rule 9(b) standard, RICO complaints must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316-17 (11th Cir. 2007).

## ARGUMENT

### I. The Court lacks subject matter jurisdiction because Adams's claims are barred by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine limits this Court's subject matter jurisdiction over certain matters related to previous state court litigation. *See Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983)). As stated in *Siegel v. LePore*:

> The Rooker Feldman doctrine provides that federal courts, other than United States Supreme Court, have no authority to review the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment. A federal claim is inextricably intertwined with a

6

state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

234 F.3d 1163, 1172 (11th Cir. 2000).

Adams alleges that she was forced to pay her husband thousands of dollars because of a state court contempt proceeding. Doc. 1 ¶ 8. The state court explicitly held that it had previously ordered Adams to pay an outstanding judgment but that she did not do so. Final Order for Contempt at 1. The state court further held that because of Adams's failure to pay, Mr. Adams was required to pay the judgment in order to remove a lien on his home, which cost him $18,403.68. *Id.* at 2.

Adams now contends that the state court was wrong. She claims that the court's findings regarding the existence of the judgment and lien were erroneous and were procured by fraud because there was no valid lien or judgment. Doc. 1 ¶ 8. For her to succeed on her claims here, this Court would necessarily need to find that the state court was misled and thus made incorrect findings and conclusions. In other words, Adams's federal claims succeed "only to the extent that the state court wrongly decided the issues before it." *See Siegel*, 234 F.3d at 1172.

This case is similar to *Figueroa v. Merscorp. Inc.*, 766 F. Supp. 2d 1305 (S.D. Fla. 2011). There, the plaintiff's house was foreclosed on, despite his arguments in state court that the foreclosing party was not the real party in

7

interest authorized to foreclose on the property. The state court disagreed, granted summary judgment to the foreclosing party, and denied the plaintiff's subsequent motions to vacate. *Id.* at 1309-10. After losing in state court on the issue of the existence and validity of the mortgage, plaintiff filed a federal court lawsuit alleging RICO claims against numerous defendants, alleging that the defendants "manufactured lies to complete the foreclosures." *Id.* at 1311. The Southern District of Florida held that the plaintiff was trying to revisit and invalidate the state court foreclosure action, and thus it lacked subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *Id.* at 1320.

Other courts have agreed that when a party in federal court attempts to undermine the legitimacy of a state court's foreclosure, the *Rooker-Feldman* doctrine applies and the court lacks subject matter jurisdiction. *Parker v. Potter*, 368 F. App'x 945, 947-48 (11th Cir. 2010); *Velardo v. Fremont Inv. & Loan*, 298 F. App'x 890, 892-93 (11th Cir. 2008); *Harper v. Chase Manhattan Bank*, 138 F. App'x 130, 132-33 (11th Cir. 2005).

Here, while the state court judgment was not a foreclosure action, Adams is contesting many of the same issues. That is, whether an obligation to pay a debt existed, whether it was paid, and who it was supposed to be paid to. Doc. 1 ¶¶ 8, 12, 13, 19, 20, 23. The state court made findings on these issues and entered a final order. *See* Final Order for Contempt. Adams now has alleged that her ex-husband and others (including Defendants Stembridge and Stone)

8

fraudulently orchestrated a scheme to her detriment and asks this Court to revisit the state court's conclusions. The Court should dismiss Adams's claims for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

## II. Adams has failed to state a claim against Stembridge or Stone.

Even if the Court were to find that it did have subject matter jurisdiction over this case, Adams's claims against Defendants Stembridge and Stone should still be dismissed for failure to state a claim.

### A. There are no factual allegations whatsoever against Stembridge.

To satisfy federal pleading standards, a plaintiff does not necessarily need to plead "detailed factual allegations" but a plaintiff must do more than file "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 667 (quoting *Twombly*, 550 U.S. at 570). As stated above, a complaint must "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

Here, Adams's complaint contains no specific allegations against Defendant Stembridge. Put simply, Adams has not alleged what Defendant Stembridge did or should have done. Rather, she conclusorily accuses her of fraud. Doc. 1 ¶ 53. Therefore, Adams's complaint has not given Stembridge notice of what the claims are and the grounds upon which they rest. *See Twombly*, 550 U.S. at 555. Adams' claims against Stembridge must be dismissed.

9

### B. Adams has failed to plausibly state a RICO claim against Defendant Stembridge or Stone.

To state a civil RICO claim, a plaintiff must show that the defendants operated or used an enterprise and, through a pattern of two or more predicate acts of racketeering activity, caused damage to the plaintiff. *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020). To properly allege a RICO conspiracy claim against a defendant, a plaintiff must allege that "each defendant has agreed to participate in the conduct of an enterprise's illegal activities." *Solomon v. Blue Cross & Blue Shield Ass'n*, 574 F. Supp. 2d 1288, 1291 (S.D. Fla. 2008). So a Plaintiff must show that each defendant either agreed to the conspiracy's overall objective or agreed to commit two predicate acts. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293 (2010) (quoting *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 950 (11th Cir. 1997)).

Here, Adams has not alleged that Stone or Stembridge agreed to participate in the alleged conspiracy to cause her to unnecessarily pay money on a judgment that she did not owe. Moreover, Adams has not alleged that any defendant, much less Stone or Stembridge, agreed to commit two predicate acts of racketeering activity. Moreover, because Adams is basing her RICO claim on fraud, or at least something akin to fraud, she must allege with particularity the statements or misrepresentations made, the time and place of the

statement, the content and manner in which it misled her, and what the Defendants allegedly gained from the fraud. *Ambrosia Coal & Constr. Co.,* 482 F.3d at 1316-17. Adams, however, has not alleged with particularity *anything* that either Stone or Stembridge did.

In short, Adams has fallen woefully short of alleging a plausible civil RICO claim against Stone or Stembridge.

### C. 18 U.S.C. § 1001 does not provide a private right of action.

Adams has alleged a claim against Stone for "false statements and writings," pursuant to 18 U.S.C. § 1001(a). Doc. 1 ¶ 35. Section 1001 makes it a crime for anyone who

(1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
(2) makes any materially false, fictitious, or fraudulent statement or representation; or
(3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;

18 U.S.C. § 1001.

Adams has not alleged what false statement or representation Stone made. Thus, Adams has not alleged facts that could plausibly give rise to a claim pursuant to 18 U.S.C.§ 1001. Even if Adams had alleged facts that could plausibly give rise to such a claim, § 1001 does not grant a private right of action. *Smith v. JP Morgan Chase Bank*, 2020 WL 9598942, at *2 (N.D. Ga. May 13, 2020), *report and recommendation adopted*, 2020 WL 9597954 (N.D.

Ga. June 22, 2020), *aff'd sub nom. Smith v. JP Morgan Chase*, 837 F. App'x 769 (11th Cir. 2021); *Lee v. United States Agency for Int'l Dev.*, 859 F.3d 74, 78 (D.C. Cir. 2017) (reviewing legislative history and amendment to § 1001 to determine no implied private cause of action exists); *Lichtenberg v. Sec'y of the Navy*, 627 F. App'x 916, 917 (11th Cir. 2015) ("Section 1001 of Title 18 of the U.S. Code . . . does not provide a civil cause of action."). Accordingly, Adams has not plausibly stated a claim for "false statements and writings" pursuant to 18 U.S.C. § 1001.

### D.    18 U.S.C. § 1621 does not provide a private right of action.

Similarly, Adams lists a claim against Defendant Stone for perjury. Doc. 1 ¶ 43. A person commits perjury when, after taking an oath, they "testify, declare, depose, or certify truly that any written testimony, declaration, deposition, or certificate by him subscribed, is true," but contrary to that oath "states or subscribes any material matter which he does not believe to be true." 18 U.S.C. § 1621.

Adams does not allege what sworn statements that Stone has made, that those statements were false, or that she took an oath to be truthful in making those statements. At most, Adams has alleged that Stone failed to send her the transcript from the July 13, 2023 contempt hearing.

But even if Adams had made adequate factual allegations regarding Stone's alleged perjury, she still would not have stated a claim because 18

U.S.C. § 1621, a criminal statute, does not grant a private right of action. *Smith v. Barrett, Daffin, Frappier, Turner & Engel, LLP*, 2021 WL 2561852, at *2 (N.D. Ga. Apr. 27, 2021); *Kim v. City of Ionia*, 2019 WL 11662557, at *1 (6th Cir. Sept. 17, 2019).

### E. 42 U.S.C. § 1983 is not a standalone claim.

As the Court is aware, § 1983 provides a vehicle for bringing causes of action; it is not itself a cause of action. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Skinner v. City of Miami, Fla*., 62 F.3d 344., 347 (11th Cir. 1995) (quoting *Graham v. Conner*, 490 U.S. 386, 393-94 (1989)). Accordingly, Adams's claim against Defendants for "deprivation of rights" under § 1983 must be dismissed.

### CONCLUSION

The Court should GRANT Defendants' motion and DISMISS Plaintiff's claims against them.

Respectfully submitted this 5th day of June, 2024.

**HALL BOOTH SMITH, P.C.**

191 Peachtree Street NE
Suite 2900
Atlanta, Georgia 30303
404-954-5000 / 404-954-5020
jsaxby@hallboothsmith.com

*/s/ Jeffery Randolph Saxby*
JEFFERY RANDOLPH SAXBY
Georgia Bar No. 623423

*Attorneys for Defendants Annetta Stembridge and Trinity Stone*

## **LOCAL RULE 7.1D CERTIFICATE**

This submission was prepared using Century Schoolbook 13-point font.

                                        **HALL BOOTH SMITH, P.C.**

                                        ***/s/ Jeffery Randolph Saxby***

| | |
|---|---|
| 191 Peachtree Street NE | JEFFERY RANDOLPH SAXBY |
| Suite 2900 | Georgia Bar No. 623423 |
| Atlanta, Georgia 30303 | M. BLAKE WALKER |
| 404-954-5000 / 404-954-5020 Fax | Georgia Bar No. 993236 |
| jsaxby@hallboothsmith.com | |
| bwalker@hallboothsmith.com | *Attorneys for Defendants Annetta Stembridge and Trinity Stone* |

14

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day submitted the foregoing document upon all parties to this matter via the CM/ECF system which will automatically send electronic notifications to all counsel of record. Notification to Ms. Adams was served by United States Postal Service to address below and by electronic mail.

Sherry Adams
4046 Whistler Drive
Douglasville, GA  30135
Scmdelta30@aol.com
*Plaintiff in Propria Persona*

|  |  |
|---|---|
|  | **HALL BOOTH SMITH, P.C.** |
| 191 Peachtree Street NE | ***/s/ Jeffery Randolph Saxby*** |
| Suite 2900 | JEFFERY RANDOLPH SAXBY |
| Atlanta, Georgia 30303 | Georgia Bar No. 623423 |
| 404-954-5000 / 404-954-5020 Fax |  |
| jsaxby@hallboothsmith.com | *Attorneys for Defendants Annetta Stembridge and Trinity Stone* |